# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CALDERON,<br><br>          Petitioner,<br><br>   v.<br><br>B. BIRKHOLZ, Warden<br><br>          Respondent. | Case No. 2:24-cv-06813-JGB (SK)<br><br>**ORDER DISMISSING HABEAS PETITION** |

## I.
## BACKGROUND

Petitioner Martin Calderon is a federal inmate convicted and sentenced on federal kidnapping charges. In August 2024, he filed an incomplete petition ostensibly under 28 U.S.C. § 2241 that alleged no cognizable claim for relief. (ECF 1 at 3). Petitioner was thus ordered to show cause why the petition should not be summarily dismissed for that reason and then given the chance to file an amended petition. (ECF 5). Rather than amend his petition to state a cognizable habeas claim, however, petitioner filed only an obtuse response to the show-cause order and attached a series of prison administrative grievances. (ECF 6). A review of those attached grievances revealed that petitioner had evidently asked the federal Bureau of Prisons (BOP) to apply some earned time credits (ETCs) against his sentence under the First Step Act (FSA). (ECF 6 at 3–20). According to those grievance documents, though, the BOP denied petitioner's request because federal inmates convicted of kidnapping (among other enumerated federal crimes) are statutorily ineligible for ETCs by the

plain and express text of the FSA. (*Id.* at 5, 7). Otherwise, petitioner's response still failed to explain what nonfrivolous habeas claim he may have been trying to assert.

As a result, he was ordered to show cause a second time why this habeas action should not be summarily dismissed for failure to state a cognizable habeas claim. (ECF 7). And to assist petitioner in case what he intended to assert was a challenge to the BOP's refusal to apply ETCs to his kidnapping sentence, the show-cause order explained why the BOP was correct based on the text of the FSA and caselaw interpreting the FSA. (*Id.* at 1–2). Even so, petitioner was given yet another chance to file an amended petition stating (if he could) a cognizable, nonfrivolous habeas claim.[1] (*Id.* at 2). But in response to the second show-cause order, petitioner merely refiled an identical copy of his cursory response to the first show-cause order but this time with no attached grievance documents. (ECF 8). Petitioner had been separately warned twice in both show-cause orders that this habeas action could be involuntarily dismissed if he failed to follow court orders. (ECF 5 at 2; ECF 7 at 2).

## II.
## DISCUSSION

Federal "district courts are expected to take an active role in summarily disposing of facially defective habeas petitions." *Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (cleaned up). If "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the facially deficient petition may be summarily dismissed sua sponte. Rule 4 of Rules Governing Section 2254 Cases; *see id.* Rule 1 (stating that same procedural rules for § 2254 cases apply to petitions that

---

[1] He was also provided an extra blank copy of this district's standard form § 2241 petition that this court's local rules generally require pro se prisoners to use. (ECF 7-2).

are not brought under § 2254); *see also* 28 U.S.C. § 2243 (no order directing respondent to answer habeas petition required if face of petition shows that petitioner is entitled to no relief). As outlined above, petitioner has stated no cognizable habeas claim in his August 2024 petition, nor has he filed an amended petition even after he was twice given notice of this deficiency and provided two chances to correct it (if he could, of course). For these reasons alone, this habeas action may be summarily dismissed not only for failure to state a cognizable habeas claim but also (as petitioner was warned could happen) for failure to comply with court orders. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); Fed. R. Civ. P. 41(b); L.R. 41-1.

    The outcome would be no different even if the petition were liberally and constructively construed as challenging the BOP's refusal to apply ETCs to petitioner's sentence. Under the FSA, federal prisoners are eligible to earn credits against their sentence by completing anti-recidivism programs. *See* 18 U.S.C. § 3632(d)(4). But by the plain text of the FSA, prisoners serving a sentence for a conviction based on any disqualifying federal offense listed in the statute are categorically ineligible to apply ETCs against their sentence. *See id.* § 3632(d)(4)(D); *accord Giovinco v. Pullen*, 118 F.4th 527, 530 (2d Cir. 2024) (federal prisoners convicted of § 3632(d)(4)(D) disqualifying offenses are statutorily ineligible to apply ETCs); *Padilla-Barron v. Warden*, 2023 WL 8261562, at *2 (C.D. Cal. Nov. 7, 2023) (same). The BOP's regulations confirm this statutory exception. *See* 28 C.F.R. § 523.41(d)(2) ("If the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits."). As explained both by the BOP and by this court, kidnapping under 18 U.S.C. § 1201—the offense for which petitioner was convicted

3

here—is one such disqualifying enumerated offense under the FSA. *See* 18 U.S.C. § 3632(d)(4)(D)(xxvi) (listing convictions "relating to kidnapping"); *accord Palma v. Birkholz*, 2024 WL 4278284, at *2 (C.D. Cal. May. 15, 2024) (petitioner statutorily ineligible to earn FSA credits due to kidnapping conviction under 18 U.S.C. § 1201); *Cabrera v. Heckard*, 2024 WL 3334644, at *2 (S.D. W.Va. June 7, 2024) (same); *Hatfield v. Martinez*, 2023 WL 7118794, at *2 (W.D. La. Oct. 4, 2023) (same).

Contrary to the argument that petitioner tried to raise in his administrative grievances with the BOP (ECF 6 at 3–20), the Supreme Court has not interpreted the FSA any differently. The cases petitioner cites— *Borden v. United States*, 593 U.S. 420 (2021), *United States v. Davis*, 588 U.S. 445 (2019), and *Johnson v. United States*, 576 U.S. 591 (2015)—all dealt with the very different question of when certain federal felonies may qualify as crimes of violence under the Armed Career Criminal Act or 18 U.S.C. § 924(c). Those decisions had nothing to do with the FSA. And in event, the FSA does not require "that the disqualifying conviction be a crime of violence, only that it be identified as one of the disqualifying offenses in 18 U.S.C. § 3632(d)(4)(D)." *Palma v. Birkholz*, 2024 WL 4278284, at *2; *see Cabrera v. Heckard*, 2024 WL 3334644, at *2 ("[T]he plain language of 18 U.S.C. § 3632 makes no exceptions for . . . non-violent crimes."); *Hatfield v. Martinez*, 2023 WL 7118794, at *2 (whether federal conviction qualifies as a "serious violent felony" is "entirely irrelevant" to inmate's ineligibility for FSA ETCs).

## III.
## CONCLUSION

For all these reasons, the petition under 28 U.S.C. § 2241 is ordered DISMISSED for failure to state a cognizable federal habeas claim and failure to obey court orders. *See, e.g., Valdez v. Montgomery*, 918 F.3d 687, 693

(9th Cir. 2019); *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017); *see also* L.R. 72-3.2 (permitting summary dismissal of facially deficient habeas petitions through orders presented by magistrate judges); Fed. R. Civ. P. 41(b). Judgment will be entered dismissing this action without prejudice.

IT IS SO ORDERED.

DATED: December 17, 2024

JESUS G. BERNAL
United States District Judge

PRESENTED BY:

STEVE KIM
United States Magistrate Judge